Exhibit 2

Section 19 Violation FDIC

     

## FDIC Law, Regulations, Related Acts

[Table of Contents]      [Previous Page]      [Next Page]      [Search]

## 5000 - Statements of Policy

### FDIC STATEMENT OF POLICY FOR SECTION 19 OF THE FDI ACT

Section 19 of the Federal Deposit Insurance Act (12 U.S.C. 1829) prohibits, without the prior written consent of the Federal Deposit Insurance Corporation (FDIC), a person convicted of any criminal offense involving dishonesty or breach of trust or money laundering (covered offenses), or who has agreed to enter into a pretrial diversion or similar program (program entry) in connection with a prosecution for such offense, from becoming or continuing as an institution-affiliated party, owning or controlling, directly or indirectly an insured depository institution insured institution), or otherwise participating, directly or indirectly, in the conduct of the affairs of the insured institution. In addition, the law forbids an insured institution from permitting such a person to engage in any conduct or to continue any relationship prohibited by Section 19. It imposes a ten-year ban against the FDIC's consent for persons convicted of certain crimes enumerated in Title 18 of the United States Code, absent a motion by the FDIC and court approval. Section 19 imposes a duty upon an insured institution to make a reasonable inquiry regarding an applicant's history, which consists of taking steps appropriate under the circumstances, consistent with applicable law, to avoid hiring or permitting participation in its affairs by a person who has a conviction or program entry for a covered offense. The FDIC believes that at a minimum, each insured institution should establish a screening process that provides the insured institution with information concerning any convictions or program entry pertaining to a job applicant. This would include, for example, the completion of a written employment application that requires a listing of all convictions and program entries. In the alternative, for the purposes of Section 19, an FDIC supervised institution may extend a conditional offer of employment contingent on the completion of a background check satisfactory to the institution and to determine if the applicant is barred by Section 19. In such a case, the job applicant may not work for or be employed by the insured institution until such time that the applicant is determined to not be barred under Section 19. The FDIC will look to the circumstances of each situation for FDIC-supervised institutions to determine whether the inquiry is reasonable. Section 19 applies, by operation of law, as a statutory bar to participation absent the written consent of the FDIC. Upon notice of a conviction or program entry, an application must be filed seeking the FDIC's consent prior to the person's participation. The purpose of an application is to provide the applicant an opportunity to demonstrate that, notwithstanding the bar, a person is fit to participate in the conduct of the affairs of an insured institution without posing a risk to its safety and soundness or impairing public confidence in that institution. The burden is upon the applicant to establish that the application warrants approval.

*A. Scope of Section 19*

Section 19 covers institution-affiliated parties, as defined by 12 U.S.C. 1813(u) and others who are participants in the conduct of the affairs of an insured institution.

This Statement of Policy applies only to insured institutions, their institution-affiliated parties, and those participating in the affairs of an insured depository institution. Therefore, all employees of an insured institution fall within the scope of Section 19. In addition, those deemed to be de facto employees, as determined by the FDIC based upon generally applicable standards of employment law, will also be subject to Section 19. Whether other persons who are not institution-affiliated parties are covered depends upon their degree of influence or control over the management or affairs of an insured institution. For example, in the context of the FDIC's application of Section 19, it would apply to an insured depository institution's holding company's directors and officers to the extent that they have the power to define and direct the management or affairs of insured depository institution. Similarly, directors and officers of affiliates, subsidiaries or joint ventures of an insured institution or its holding company will be covered if they participate in the affairs of the insured institution or are in a position to influence or control the management or affairs of the insured institution. Typically, an independent contractor does not have a relationship with the insured institution other than the activity for which the insured institution has contracted. In terms of participation, an independent contractor who influences or controls the management or affairs of the insured institution would be covered by Section 19. Further, "person" for purposes of Section 19 means an individual, and does not include a corporation, firm or other business entity. Individuals who file an application with the FDIC under the provisions of Section 19 who also seek to participate in the affairs of a bank or savings and loan holding company may have to comply with any filing requirements of the Board of the Governors of the Federal Reserve System under 12

U.S.C. 1829(d) & (e). Section 19 specifically prohibits a person subject to its coverage from owning or controlling an insured institution. For purposes of defining "control" and "ownership" under Section 19, the FDIC has adopted the definition of "control" set forth in the Change in Bank Control Act (12 U.S.C. 1817(j)(8)(B)). A person will be deemed to exercise "control" if that person has the power to vote 25 percent or more of the voting shares of an insured institution (or 10 percent of the voting shares if no other person has more shares) or the ability to direct the management or policies of the insured institution. Under the same standards, person will be deemed to "own" an insured institution if that person owns 25 percent or more of the insured institution's voting stock, or 10 percent of the voting shares if no other person owns more. These standards would also apply to an individual acting in concert with others so as to have such ownership or control. Absent the FDIC's consent, persons subject to the prohibitions of Section 19 will be required to divest their control or ownership of shares above the foregoing limits.

B. *Standards for Determining Whether an Application Is Required*

Except as indicated in paragraph (5), below, an application must be filed where there is present a conviction by a court of competent jurisdiction for a covered offense by any adult or minor treated as an adult, or where such person has entered a pretrial diversion or similar program regarding that offense. Before an application is considered by the FDIC, all of the sentencing requirements associated with a conviction or conditions imposed by the pretrial diversion, or similar program, including but not limited to, imprisonment, fines, condition of rehabilitation, and probation requirements, must be completed, and the case must be considered final by the procedures of the applicable jurisdiction. The FDIC's application forms as well as additional information concerning Section 19 can be accessed at the FDIC website. The link is: https://www.fdic.gov/regulations/laws/forms/section19.html.

(1) *Convictions*

There must be present a conviction of record. Section 19 does not cover arrests, pending cases not brought to trial, acquittals, or any conviction that has been reversed on appeal. A conviction with regard to which an appeal is pending requires an application. A conviction for which a pardon has been granted will require an application. A conviction that has been completely expunged is not considered a conviction of record and will not require an application. If an order of expungement has been issued in regard to a conviction or program entry and is intended by the language in the order itself, or in the legislative provisions under which the order was issued, to be a complete expungement, then the jurisdiction, either in the order or the underlying legislative provisions, cannot allow the conviction or program entry to be used for any subsequent purpose including, but not limited to, an evaluation of a person's fitness or character. The failure to destroy or seal the records will not prevent the expungement from being considered complete for the purposes of Section 19 in such a case. Expungements of pretrial diversion or similar program entries will be treated the same as those for convictions. Convictions that are set aside or reversed after the applicant has completed sentencing will be treated consistent with pretrial diversions or similar programs unless the court records reflect that the underlying conviction was set aside based on a finding on the merits that such conviction was wrongful.

(2) *Pretrial Diversion or Similar Program*

Program entry, whether formal or informal, is characterized by a suspension or eventual dismissal of charges or criminal prosecution often upon agreement by the accused to treatment, rehabilitation, restitution, or other noncriminal or non-punitive alternatives. Whether a program constitutes a pretrial diversion or similar program is determined by relevant Federal, state or local law, and, if not so designated under applicable law then the determination of whether it is a pretrial diversion or similar program will be made by the FDIC on a case-by-case basis. Program entries prior to November 29, 1990, are not covered by Section 19.

(3) *Dishonesty or Breach of Trust*

The conviction or program entry must be for a criminal offense involving dishonesty, breach of trust or money laundering. "Dishonesty" means directly or indirectly to cheat or defraud; to cheat or defraud for monetary gain or its equivalent; or wrongfully to take property belonging to another in violation of any criminal statute. Dishonesty includes acts involving want of integrity, lack of probity, or a disposition to distort, cheat, or act deceitfully or fraudulently, and may include crimes which Federal, state or local laws define as dishonest. "Breach of trust" means a wrongful act, use, misappropriation or omission with respect to any property or fund that has been committed to a person in a fiduciary or official capacity, or the misuse of one's official or fiduciary position to engage in a wrongful act, use, misappropriation or omission. Whether a crime involves dishonesty or breach of trust will be determined from the statutory elements of the crime itself. All convictions or program entries for offenses concerning the illegal manufacture, sale, distribution of, or trafficking in controlled substances shall require an application unless they fall within the provisions for de minimis offenses set out in (5) below.

(4) *Youthful Offender Adjudgments*

An adjudgment by a court against a person as a "youthful offender" under any youth offender law, or any adjudgment as a "juvenile delinquent" by any court having jurisdiction over minors as defined by state law does not require an application. Such adjudications are not considered convictions for criminal offenses. Such adjudications do not constitute a matter covered under Section 19 and is not an offense or program entry for determining the applicability of the de minimis offenses exception to the filing of an application.

(5) *De minimis Offenses*

The essential criteria in assessing an application are whether the person has demonstrated his or her fitness to participate in the conduct of the affairs of an insured institution, and whether the affiliation, ownership, control or participation by the person in the conduct of the affairs of the insured institution may constitute a threat to the safety and soundness of the insured institution or the interests of its depositors or threaten to impair public confidence in the insured institution. In determining the degree of risk, the FDIC will consider, in conjunction with the factors set out in 12 CFR 308.157:

(1) Whether the conviction or program entry and the specific nature and circumstances of the offense are a criminal offense under Section 19;

(2) Whether the participation directly or indirectly by the person in any manner in the conduct of the affairs of the insured institution constitutes a threat to the safety and soundness of the insured institution or the interests of its depositors or threatens to impair public confidence in the insured institution;

(3) Evidence of rehabilitation including the person's reputation since the conviction or program entry, the person's age at the time of conviction or program entry, and the time that has elapsed since the conviction or program entry;

(4) The position to be held or the level of participation by the person at an insured institution;

(5) The amount of influence and control the person will be able to exercise over the management or affairs of an insured institution;

(6) The ability of management of the insured institution to supervise and control the person's activities;

(7) The level of ownership the person will have of the insured institution;

(8) The applicability of the insured institution's fidelity bond coverage to the person; and

(9) Any additional factors in the specific case that appear relevant including but not limited to the opinion or position of the primary Federal and/or state regulator.

The foregoing criteria will also be applied by the FDIC to determine whether the interests of justice are served in seeking an exception in the appropriate court when an application is made to terminate the ten-year ban under 12 U.S.C. 1829(a)(2) for certain Federal offenses, prior to its expiration date. Some applications can be approved without an extensive review because the person will not be in a position to constitute any substantial risk to the safety and soundness of the insured institution. Persons who will occupy clerical, maintenance, service, or purely administrative positions, generally fall into this category. A more detailed analysis will be performed in the case of persons who will be in a position to influence or control the management or affairs of the insured institution. All approvals and orders will be subject to the condition that the person shall be covered by a fidelity bond to the same extent as others in similar positions. In cases in which a waiver of the institution filing requirement has been granted to an individual, approval of the application will also be conditioned upon that person disclosing the presence of the conviction(s) or program entry(ies) to all insured institutions in the affairs of which he or she wishes to participate. When deemed appropriate, bank sponsored applications are to allow the person to work in a specific job at a specific bank and may also be subject to the condition that the prior consent of the FDIC will be required for any proposed significant changes in the person's duties and/or responsibilities. In the case of bank applications such proposed changes may, in the discretion of the Regional Director, require a new application. In situations in which an approval has been granted for a person to participate in the affairs of a particular insured institution and who subsequently seeks to participate at another insured depository institution, another application must be submitted.

By order of the Board of Directors, July 19, 2018.

*[Source: 63 Fed. Reg. 66184, December 1, 1998; amended at 77 Fed. Reg. 74849, December 18, 2012; amended at 83 Fed. Reg. 38143, August 3, 2018, with an Applicable Date of July 19, 2018]*

**From:** Barrett Gregoire <salesgregoirere@cs.com>
**To:** gpoulin33 <gpoulin33@aol.com>
**Subject:** Fwd: OCC Complaint - Follow-Up
**Date:** Wed, Jan 31, 2018 2:35 pm

Sent from AOL Mobile Mail

-----Original Message-----
From: Clegg, Brendan <Brendan.Clegg@occ.treas.gov>
To: 'salesgregoirere@cs.com' <salesgregoirere@cs.com>
Sent: Mon, Feb 1, 2016 09:41 AM
Subject: OCC Complaint - Follow-Up

Mr. Gregoire:

The OCC is in receipt of the January 21, 2016 complaint related to RBS Citizens that you submitted to the Office of the Comptroller of the Currency (OCC). The OCC takes these allegations very seriously. To investigate the allegations contained in your complaint fully, the OCC will need additional information from you, including the name of the employee(s) to which your allegations relate. If you are willing to provide more information, I would like to discuss the allegations in your complaint in a telephone phone call this week. If you are amenable to providing more information during a phone call this week, please let me know when you are available and we can schedule something.

Thank you for alerting the OCC to these issues and I look forward to speaking with you.

Sincerely,
Brendan Clegg


**Brendan Clegg**
Attorney
Enforcement & Compliance Division
Office of the Comptroller of the Currency
400 7th Street SW
Washington, DC 20219
(202) 649-7940

**From:** Clegg, Brendan <Brendan.Clegg@occ.treas.gov>
**To:** salesgregoirere <salesgregoirere@cs.com>
**Subject:** OCC Action Against Ms. Dumas-Griffith
**Date:** Thu, Aug 18, 2016 2:49 pm

Mr. Gregoire:

I am writing to let you know that earlier this month, the OCC took an enforcement action against Ms. Vedanta Dumas-Griffith. You can view this action on the OCC's public website:

http://apps.occ.gov/EASearch/

Under "Actions Against Individuals", choose "1829 Removals"
Under IAP's Name, type "Dumas-Griffith"

An 1829 Removal is an enforcement action that prohibits the individual from participating, directly or indirectly, in the conduct of the affairs of any insured depository institution, until that individual obtains prior written consent from the Federal Deposit Insurance Corporation (FDIC). Therefore, pursuant to this action, Ms. Dumas-Griffith is prohibited from participating in the conduct of the affairs of any insured depository institution unless she received written consent to do so from the FDIC.

Thank you for bringing the facts of this matter to the OCC's attention.

Brendan



**Office of the
Comptroller of the Currency**

**U.S. Department of the Treasury** [http://occ.gov/index.html]

## Enforcement Actions Search Tool

The following financial institutions, organizations, or affiliated parties have been the subject of OCC enforcement actions.

Selection Criteria:

  Institution Action -      Individual Action - 1829 Removals      Begin Date - 1/1/1987      End Date - 8/31/2016

  IAP's Name - dumas-griffith      Institution Name -      Charter Number -      Company Name -      EA Number -

  Institution City -      State\Terr -      Docket Number -

New Search                                             ☐ View All   1-1 of 1

| Party Subject to Action | | | | | Action | | Start | | Term | | Docket Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Individual | Institution (Bank Name) | Charter Number | Company | Organization / Location | Type | Amount | Date | Doc | Date | Doc | |
| Dumas-Griffith, Vedanta | Citizens Bank, National Association | 24571 | | Providence, RI | 1829 | $0.00 | 06/30/2016 | N/A | | | |

This list reflects the most recent name of banking organizations; the most recent names may or may not be the banking organizations' names when the enforcement documents became final.

"Closed" denotes documents for banking organizations without active charters.

* Denotes an exception to the enforcement action. For example, 1829 "Removals" do not have associated document numbers. Please contact the Communications Division at (202) 649-6700 for further information about the exception.

These lists are NOT guaranteed to be comprehensive.

The Office of the Comptroller of the Currency expressly disclaims any responsibility for the acts of any individual or entity subject to an enforcement action, whether or not that individual or entity appears on these lists.

**Vedanta Dumas-Griffith**
Vice President
Global Restructuring Group

## �֍ Citizens Bank

875 Elm St  NE2-03
Manchester, NH 03101
603 634.7794  tel
603 634.7787  fax
VEDANTA.A.DUMAS-GRIFFITH@CITIZENSBANK.COM

✖RBS

 **Office of the Comptroller of the Currency**

Washington, DC 20219

April 3, 2018

Ashley Happy
Barr Law Group
125 Mountain Rd
Stowe, VT  05672

Dear Ms. Happy:

This is in response to your Freedom of Information Act request dated March 28, 2018, received in my office on March 28, 2018.

You requested copies of public records relating to the 1829 OCC action taken against Vedanta Dumas-Griffith dated June 30, 2016 while employed at Citizens Bank United N.A.

Your request has been granted. Enclosed is the 1829 letter responsive to your request.

Sincerely yours,

Kevin Satterfield

Kevin Satterfield
Disclosure Services
Communications Division

#2018-00362-F

 **Office of the Comptroller of the Currency**

Washington, DC 20219

June 30, 2016

Ms. Vedanta Dumas-Griffith
1101 Coloma Drive
Missoula, MT 59801

Subject:     Citizens Bank, National Association, Providence, RI (Bank)

Dear Ms. Dumas-Griffith:

The Office of the Comptroller of the Currency (OCC) has become aware of your guilty plea
based on Theft in the First Degree pursuant to Washington Revised Code § 9a.56.030(1)(a).
Because your guilty plea is based on a crime which involves dishonesty or a breach of trust, you
are subject to the prohibitions set forth in 12 U.S.C. §§ 1829 and 1785(d) by operation of law
(not as a result of any OCC enforcement action under 12 U.S.C. § 1818(e)).

Section 1829 prohibits you from participating, directly or indirectly, in any manner in the
conduct of the affairs of any insured depository institution, including, but not limited to, banks
and savings associations.  You are also prohibited from participating in the affairs of any credit
union pursuant to 12 U.S.C. § 1785(d).  These statutes do not prohibit you from being a normal,
arm's length customer of a bank, savings association, or credit union, e.g. having a loan or
checking account at such an institution.

Sections 1829 and 1785(d) provide for fines not exceeding $1,000,000 for each day the
prohibition is violated and/or a term of imprisonment of not more than five years.  Should a
knowing violation of sections 1829 or 1785(d) occur, both you and the institution would be
subject to the penalties provided by this statute.

A copy of this letter will be sent to each of the agencies that regulate depository institutions to
notify them of this matter.  In order to participate in the conduct of the affairs of any insured
depository institution or credit union in the future, you must receive the approval of the Federal
Deposit Insurance Corporation (FDIC) with respect to insured depository institutions, or the
National Credit Union Administration Board with respect to credit unions.

If you believe that this letter has been sent to you in error and 12 U.S.C. § 1829 does not apply to
you, please contact Crystal McLaughlin as soon as possible at 202-649-6268.  If we have not
heard from you within 30 days of the date of this letter, you will be added to the list of
individuals subject to the restrictions set forth under 12 U.S.C. § 1829 on the OCC's web site
(**www.occ.treas.gov**).

Also, if at any point in the future, your criminal record is completely expunged, please mail evidence of such expungement to: Enforcement and Compliance Director, OCC, 400 7th Street, SW, 9E-11, Washington, DC 20219. If you have any questions regarding this issue, please contact Crystal McLaughlin at (202) 649-6268.

Sincerely,

*Ellen M. Warwick*

Ellen M. Warwick
Director
Enforcement & Compliance



# W A T C H
WASHINGTON ACCESS TO CRIMINAL HISTORY

## Web Search Transcript

Washington State Patrol
Identification and Criminal History Section
P.O. Box 42633
Olympia, Washington 98504-2633
Telephone (360) 534-2000

This report was generated from a transaction run on 04/21/2012 at 14:45
Conviction Criminal History RCW 10.97.050(1)

Pursuant to the purpose of inquiry, A possible match was found in the Washington
State Criminal History Repository based on the descriptors provided:
DUMAS,AURA V DOB 01/08/1973

```
WASHINGTON STATE CRIMINAL HISTORY RECORD FOR SID/WA16681662
                    WASHINGTON STATE PATROL
          IDENTIFICATION AND CRIMINAL HISTORY SECTION
                        P.O. BOX 42633
                OLYMPIA, WASHINGTON 98504-2633

****************************************************************************
              CRIMINAL HISTORY INFORMATION AS OF 04/21/2012
****************************************************************************
                             NOTICE
THE FOLLOWING TRANSCRIPT OF RECORD IS FURNISHED FOR OFFICIAL USE ONLY.
SECONDARY DISSEMINATION OF THIS CRIMINAL HISTORY RECORD INFORMATION IS
PROHIBITED UNLESS IN COMPLIANCE WITH THE WASHINGTON STATE CRIMINAL RECORDS
PRIVACY ACT, CHAPTER 10.97 RCW.

POSITIVE IDENTIFICATION CAN ONLY BE BASED UPON FINGERPRINT COMPARISON. BECAUSE
ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY SHOULD BE REQUESTED
FOR SUBSEQUENT USE. WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED,
COMMUNICATE DIRECTLY WITH THE AGENCY THAT SUPPLIED THE INFORMATION TO THE
WASHINGTON STATE PATROL.


****************************************************************************
                        MASTER INFORMATION
****************************************************************************
   NAME:        GRIFFITH,AURA V              DOB:      01/08/1973
   SID NUMBER: WA16681662
   DOC NUMBER: 719715

****************************************************************************
                        PERSON INFORMATION
****************************************************************************
   SEX    RACE  HEIGHT  WEIGHT    EYES    HAIR   PLACE OF BIRTH   CITIZENSHIP
```

```
    F      W     504    160    BLU     BRO           MM

OTHER NAMES USED              OTHER DATES OF     SOC SEC     MISC NUMBER
DUMAS,AURA                    BIRTH USED         NUMBER
```

**************************************************************************
#### CONVICTION AND/OR ADVERSE FINDING SUMMARY
**************************************************************************

```
1 FELONY(S)                                       DISPOSITION DATE
       THEFT-1                     CLASS B FELONY    03/10/1994
0 GROSS MISDEMEANOR(S)

0 MISDEMEANOR(S)

0 CLASSIFICATION(S) UNKNOWN
```

**************************************************************************
#### **** NO KNOWN DOC SUMMARY INFORMATION ****
**************************************************************************

**************************************************************************
#### CRIMINAL HISTORY INFORMATION
**************************************************************************
THE ARRESTS LISTED MAY HAVE BEEN BASED ON PROBABLE CAUSE AT THE TIME OF ARREST
OR ON A WARRANT. PROBABLE CAUSE ARRESTS MAY OR MAY NOT RESULT IN THE FILING OF
CHARGES. CONTACT THE ARRESTING AGENCY FOR INFORMATION ON THE FORMAL CHARGES
AND/OR DISPOSITIONS.

```
------------------------------------------------------------------------
ARREST 1                              DATE OF ARREST: 10/17/1993
------------------------------------------------------------------------
      NAME USED:        GRIFFITH,AURA V
      CONTRIBUTING AGENCY: WA0270000   PIERCE COUNTY SHERIFF
      LOCAL ID:  168356              PCN: N/A        TCN: N/A
------------------------------------------------------------------------
          ARREST OFFENSES          |          DISPOSITION
                                   | CONTRIBUTOR OR RESPONSIBLE AGENCY:
                                   |   WA027013A  PIERCE COUNTY PROSECUTOR
                                   |     S OFFICE
                                   |   COURT CASE NO: 931039745
                                   |
                                   | STATUS:          GUILTY
                                   |   02502 THEFT-1
                                   |   RCW:          9A.56.030(1)
                                   |   CLASS B FELONY
                                   |   STATUS DATE:   03/10/1994
                                   |
                                   |
                                   |   SENTENCE:      SENT. DESC.:
                                   |     CHG 01: JAIL - 21 DS, COMM
                                   |     SUPV - 12 MOS
                                   |
```

**************************************************************************
#### STATE DEPARTMENT OF CORRECTIONS
**************************************************************************
```
------------------------------------------------------------------------
```
#### NO KNOWN CUSTODY HISTORY INFORMATION
```
------------------------------------------------------------------------
```
**************************************************************************

NO KNOWN SEX/KIDNAPPING OFFENDER REGISTRATIONS
**********************************************************************

**********************************************************************
NO KNOWN APPLICANT DETAILS
**********************************************************************
**********************************************************************
GLOSSARY
**********************************************************************

CDD:
    COURT DISPOSITION DATE.
CHRU:
    WASHINGTON STATE PATROL CRIMINAL HISTORY RECORDS UNIT.
CLASSIFICATION UNKNOWN:
    THERE IS NO DEGREE ASSOCIATED WITH THE CHARGE.
COMPROMISED IDENTITY CLAIM:
    THE APPLICANT HAS REPORTED THEIR IDENTITY STOLEN AND/OR COMPROMISED.
    A CARD BEARING THE PHOTOGRAPH AND THUMBPRINT OF THE APPLICANT HAS BEEN
    ISSUED BY THE SECTION.
CONTRIBUTING AGENCY:
    A LOCAL SHERIFF?S OFFICE, POLICE DEPARTMENT, JAIL OR CORRECTIONAL FACILITY
    THAT SUBMITS FINGERPRINT CARDS TO THE SECTION.
CONTRIBUTOR OR RESPONSIBLE AGENCY:
    THE AGENCY THAT SUBMITTED THE INFORMATION OR, PRIOR TO OCTOBER 1999,
    PRESUMED TO BE THE DISPOSITION REPORTER.
CONVICTION AND/OR ADVERSE FINDING SUMMARY:
    THE NUMBER AND TYPE OF CONVICTIONS AND/OR ADVERSE FINDINGS PERTAINING TO AN
    INDIVIDUAL. DETAILS ARE INCLUDED UNDER CRIMINAL HISTORY INFORMATION.
CPL:
    OTHER COURT SENTENCE PROVISION LITERAL (COURT SENTENCE)
CUSTODY STATUS INFORMATION:
    CURRENT CUSTODY STATUS INFORMATION PROVIDED ONLINE BY THE STATE DEPARTMENT
    OF CORRECTIONS.
DISPOSITION RESPONSIBILITY:
    AN INDICATION OF THE PROSECUTOR, COURT, OR LAW ENFORCEMENT AGENCY WHICH MAY
    BE RESPONSIBLE FOR REPORTING THE DISPOSITION.
DLO:
    DNA LOCATION
DNA SAMPLE:
    DNA SAMPLE AND TYPE, CONTACT WSP CRIME LABORATORY AT (206) 262-6020 EXT 237
    IF OTHER CONTACT INFORMATION NOT AVAILABLE.
DOC NUMBER:
    WASHINGTON STATE DEPARTMENT OF CORRECTIONS NUMBER.
LOCAL ID:
    LOCAL IDENTIFICATION NUMBER USED BY CONTRIBUTING AGENCY.
MASTER NAME:
    NAME RECEIVED ON THE FIRST RETAINABLE FINGERPRINT CARD
NOT RECEIVED:
    DISPOSITION OF ARREST OFFENSES THAT HAVE NOT BEEN SUBMITTED TO THE
    WASHINGTON STATE PATROL IDENTIFICATION SECTION.
OIN:
    OTHER IDENTIFYING NUMBER. A TRACKING NUMBER ASSIGNED BY THE CONTRIBUTING OR
    ORIGINATING AGENCY.
ORIGINATING AGENCY:
    THE ORIGINAL LAW ENFORCEMENT AGENCY HANDLING THE CASE WHICH MAY BE
    DIFFERENT FROM THE CONTRIBUTING AGENCY.
PCN:
    PROCESS CONTROL NUMBER USED BY CRIMINAL JUSTICE AGENCIES TO LINK ARRESTS TO
    DISPOSITIONS.
PERSONAL IDENTIFICATION:
    A PERSONAL IDENTIFICATION FINGERPRINT CARD HAS BEEN VOLUNTARILY PLACED ON

FILE AT THE REQUEST OF THE APPLICANT. A PERSONAL IDENTIFICATION RECORD MAY
BE CREATED AS A RESULT OF THE APPLICANT REPORTING THEIR IDENTITY HAS BEEN
STOLEN AND/OR COMPROMISED. A CARD BEARING THE PHOTO, THUMBPRINT, AND STATE
IDENTIFICATION NUMBER OF THE APPLICANT HAS BEEN ISSUED BY THE SECTION. A
PERSONAL IDENTIFICATION RECORD MAY ALSO BE ESTABLISHED TO SECURE POSITIVE
IDENTIFICATION IN CASE OF DEATH, INJURY, LOSS OF MEMORY, OR OTHER SIMILAR
CIRCUMSTANCES.

RCW:
REVISED CODE OF WASHINGTON; STATE STATUTE REFERRING TO ARREST OFFENSE OR
THE CHARGE.

REFER TO:
REFERS TO THE ORIGINAL ARREST

SEARCH PARAMETERS:
REFERENCE INFORMATION USED BY SECTION STAFF.

SID NUMBER:
UNIQUE STATE IDENTIFICATION SECTION RECORD NUMBER.

SOR:
SEX AND KIDNAPPING OFFENDER REGISTRATION.

WSP:
WASHINGTON STATE PATROL.


**************************************************************************
                                RESOURCES
**************************************************************************
ADMINISTRATIVE OFFICE OF THE COURTS (AOC)-----------WWW.COURTS.WA.GOV
WSP CHRU --------------------------------------------CRIMHIS@WSP.WA.GOV OR
                                                    (360) 534-2000
DEPARTMENT OF CORRECTIONS (DOC)----------------------WWW.DOC.WA.GOV
WSP SOR UNIT-----------------------------------------(360) 534-2000
WSP CRIME LAB CODIS----------------------------------(206) 262-6020
RCW-------------------------------------------------HTTP://APPS.LEG.WA.GOV/RCW/
LEGISLATION-----------------------------------------HTTP://APPS.LEG.WA.GOV
END OF RECORD

yes

-----Original Message-----
From: Marilyn Brault-Binaghi <marilyn@copyworldvt.com>
To: , <salesgregoirere@cs.com>
Cc: info <info@copyworldvt.com>
Sent: Tue, May 1, 2012 9:32 am
Subject: Re: Vedanta Dumas Griffith, Leticia England Ramirez, Aura Griffith, Robert Griffith, Mike Groff, etc... FRAUD INTERSTATE COMMERCE

Hey Barrett, I'm planning to send this fax but... did you know this is 28 pages long?  That will cost like... $22.  Do you still want me to send it?

On Tue, May 1, 2012 at 9:02 AM, , <salesgregoirere@cs.com> wrote:
    Please print this and the attachments and fax to 802-651-6820 Thank you.

    Barrett

    -----Original Message-----
    From: veronica <vnapoles@comcast.net>
    To: tadddowns <tadddowns@usss.dhs.gov>
    Cc: salesgregoirere <salesgregoirere@cs.com>; Risdon <risdon@risdonwood.com>; Doug Scotti <doug@morrisonframpton.com>; tyler <tyler@nationalparksrealty.com>
    Sent: Thu, Apr 26, 2012 8:51 pm
    Subject: Vedanta Dumas Griffith, Leticia England Ramirez, Aura Griffith, Robert Griffith, Mike Groff, etc... FRAUD INTERSTATE COMMERCE

    Hi Tadd:
    Thank you for talking to me this afternoon.  I'll try to outline the story of the above tenants as best I can.

    •In April 2011, my property manager, Tyler Stuart, signed a lease agreement to rent my home located at 1563 East Edgewood Drive, Whitefish, Montana to Vedanta Dumas-Griffith and Robert Griffith supposedly husband and wife.
    •On April 9th 2012 my property manager told me that the rent was late and that the tenant Vedanta said not to deposit the check because they did not have sufficient funds to cover the rent.  This however was not the first time we had had problems with these tenants for a variety of reasons.
    •After several conversations with Tyler, Vedanta met with Tyler and handed him a 6 page complaint that she had drafted to the Montana Department of Labor.  She then said that if he (Tyler) did not agree to letting her stay (without paying rent) that she would file the complaint.  She has filed the complaint, which has no basis, and Tyler has had to respond.

•April 20th, Tyler received a phone call from a lawyer in Great Falls, stating that he had met with Vedanta and that she wanted to file a complaint against him for discriminating against her disability.  She seems to have forgotten that we rented to her husband, who is a disabled vet.

•In the interim after a lot of piecing together and many hours on the internet, I found Risdon Woods in Louisiana on April 19th, 2012.  Vedanta and Robert had rented a townhome in Whitefish from Mr. Woods in 2010. They left owing him 3 months rent, and stole property belonging to him.  Risdon Woods can be contacted at 225-658-0000.  He filed a complaint through his attorney Judah Gersh 406.862.7800 in Whitefish and received a default judgement (see attached) totaling around $15K.

•On Saturday, April 21st, I found the attached record that Aura Dumas and/or Aura Griffith was a convicted felon in the state of Washington.  Her SID Number is WA16681662, her DOC is 719715.  On that date I also found in the Daily Interlake that they had federal tax liens as of December 19, 2011 totaling close to $55,000.

•April 23, 2012 we filed a complaint to evict which was served.

•Now comes the interesting part and why I contacted you.  Risdon Woods passed my name onto a fellow named Barrett Gregoire who lives in Vermont.  I received a call from him today April 26, 2012.  I've attached his information below.  You can access his files which are self-explanatory and too voluminous for me to copy.  From what I can understand, Vedanta Dumas-Griffith was a workout officer for Citizens Bank in New Hampshire.  She was assigned to workout a solution with Mr. Gregoire.  Vedanta Dumas-Griffith assigned as a "receiver" for the rents a man named Mike Groff in Whitefish, Montana, who fits the description of Robert Griffith her husband (6'4" 270lbs).  Over a period of time they took monies out of Mr. Gregoire's receivership account without accountability for personal profit including many checks (see Barrett's files and cashed checks) written to Susan Bardin and James Bardin, Robert Griffith's (Mike Groff's) mother and step-father.  Susan Bardin and James Bardin are currently living in a trailer on a property owned by Larry Jensen (1569 East Edgewood Drive, Whitefish, MT).  Barrett's phone number is 802.249.1982 and his files and information can be accessed as indicated below.  He also stated that Mike Groff was dealing drugs (crack cocaine) from his (Barrett's) property via tenants.

Vedanta (Dumas, Griffith, Aura, Spriestersbach, England, Bardin, etc...) is very saavy in the world of foreclosures and tenant/landlord rights and is a seasoned con.  She and her husband Robert Griffith (aka Mike Groff) a retired disabled army vet are grifters and have scammed people up one coast and down the other.  The problem is that all the complaints have been

handled in civil court.  However, I believe that what they are doing constitutes fraud over interstate commerce.  From what Mr. Gregoire understands, Vedanta was about to be fired by Citizen's Bank, but now it seems she is on "medical leave" ie., workman's compensation.  Vedanta is claiming that she is under the care of a pulmonologist, however, she does not seem in any distress or have any difficulty breathing whatsoever.  It seems like just another scam in the working.

I would imagine that Mr. Gregoire was not alone in being preyed upon by Vedanta Aura Dumas-Griffith et al, and her husband Robert Griffith aka Mike Groff, that there are tens if not hundreds more standing in the wings waiting to tell their stories.  I have no hopes of squeezing water from a stone.  I just hope that these parasites can be stopped from any further stealing and conning before they move onto their next innocent host.  Please feel free to contact me should you have any further questions or need further clarification.  I look forward to hearing back from you.

Sincerely,
Veronica Napoles
415-925-1312
415-847-4480
709 S. Eliseo Drive
Greenbrae, CA 94904
owner of home located at 1563 East Edgewood Drive, Whitefish, MT 59937
•••••••••••••••
Hi Veronica:

   It was nice talking with you, I wish you well in your case. I really need anything you can give me for information especially the criminal record and hopefully you and the Woods get a conviction. You have my permission to access my case filed with the Consumer Finance protection group, please read the entire documents attached, we are continually finding more fraudulent actions. The bank is ignoring request for information, I have not had any luck with federal groups in uncovering  and convicting them. Please complain to the fbi, it may be good if we all sent in a complaint together.


How to access my case:

www.consumerfinance.gov

click on submit a complaint

Vedanta Dumas-Griffith a/k/a Aura Spriesterbach

Review of banking credentials Prior to illegal hiring by Citizens Bank

College education None, uses fake credentials on linkedin

Banking experience, None

Good Credit? No.

Bankruptcies? yes several.

Landlord references , none has history of non payment , multiple evictions.

Criminal Record? Yes identitiy theft and false pretense charges, also charged Montana eviction, property destruction.

FDIC section 19 requires a lender to do background check and not hire any felons without approval in writing by the FDIC, this never occured. In addition a felon cannot conduct or be involved in any conduct with a bank including signing loan documents and any bank documents.

Vermont Superior Court
Washington Probate Division
65 State St
Montpelier, VT  05602
(802) 828-2091
www.vermontjudiciary.org


Barrett L. Gregoire
P.O. Box 26
Graniteville, VT  05654



fold line ------------------------------------------------------------------

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

BARRETT GREGOIRE, PLAINTIFFS

LINDA GREGOIRE ,                                                   CASE NO.

P.O. BOX 26,

GRANITEVILLE, VT. 05654

      v.

CITIZENS BANK N/A, DEFENDANTS

RBS CITIZENS BANK

1 CITIZENS DRIVE,

PROVIDENCE , RI. 02915

JOESEPH CARELLI

900 ELM STREET,

MANCHESTER, NH 03101

## COMPLAINT

DECLATORY JUDGEMENT, DEFENDANT HAS REFUSED TO GIVE PLAINTIFFS THEIR BANK RECORDS IN TOTALITY AND TRANSPARENTLY TO COMPLETE FEDERAL INCOME TAX SINCE 2012. PLAINTIFFS NEED TO COMPLETE BUILDING SALES AND HAVE TRUTHFUL ACCURATE DEPRECIATION SCHEDULES AND INCOME AND EXPENSES.  IN ADDITION DEFENDANT IS REFUSING TO PROVIDE REQUIRED REPORTING STATEMENTS FOR 1098 INTEREST, 1099, AND STATEMENT OF EXPENDITURES FOR CAPITAL IMPROVEMENTS. PLAINTIFF REQUESTS COURT FORCE THE DEFENDANT TO PROVIDE THE RECORDS AND PROVIDE PLAINTIFF TREBLE DAMAGES IN THE LEGAL EXPENSES AND LOSS WAGES FOR THE INFRACTIONS. IN THE EVENT DEFENDANT DESTROYED THE RECORDS DESPITE BEING PUT ON CONTINUAL NOTICE OF THE NEED FOR THEM THE COURT NEEDS TO ASSESS  SEVERE APPLICABLE DAMAGES.

DECLATORY JUDGEMENT THE DEFENDANT HIRED AN EMPLOYEE ILLEGALLY VIOLATING FDIC SECTION 19 CODE, THE PLAINTIFF REQUESTS THE COURT IMMEDIATELY NULL AND VOID ANY AND ALL AGREEMENTS SIGNED BY THE ILLEGAL FELON BANK VICE PRESIDENT VEDANTA DUMAS GRIFFITH A/K/A, AURA SPRIESTERBACH FOR THE PLAINTIFF AND ALL BANK CUSTOMERS DURING HER EMPLOYMENT. A FELON WITHOUT WRITTEN FDIC APPROVAL CANNOT CONDUCT OR BE INVOLVED IN ANY CONDUCT IN A BANK. CITIZENS BANK WAS IN VIOLATION OF THE FDIC HIRING SCREENING PROCESS AND HAS FAILED TO NOTIFY ANY CUSTOMERS OF THE 2016 OCC OUSTER OF THE BANKER BY 1829 REMOVAL SECTION US 12. ALL BANKING SHE PARTICIPATED IN WAS ILLEGAL AND VOID. THESE ACTIONS AND THE BANK COVERUP TOLL FOR YEARS. PLAINFIFF REQUESTS THE COURT ORDER  CITIZENS BANK N/A TO NOTIFY ALL CLIENTS OF THE BANK INVOLVED ILLEGALLY WITH THE FELON BANKER  OF THIS FEDERAL VIOLATION.

JURISDICTION

MULTIPLE STATES DEALING WITH THE PLAINTIFF IN NEW HAMPSHIRE , MASSACHUSETTS AND RHODE ISLAND. THE LAWS VIOLATED ARE FEDERAL IN NATURE IRS REPORTING AND FDIC.

## CLAIMS

1) DECLATORY JUDGEMENT CITIZENS BANK AND JOSEPH CARELLI HAVE REFUSED TO COMPLY WITH FEDERAL IRS REPORTING  IRC 6041, 1099, 1098, LAWS. PLAINTIFF HAS REQUESTED  RECORDS SINCE 2012 AND SPENT CONSIDERABLE LEGAL FEES AND TIME TRYING TO OBTAIN. IN ADDITION CARRYOVER LOSSES WILL BE TAKEN FROM THE PLAINTIFF DUE TO THE YEARS OF DELAYS,SEE ATTACHED SMALL PORTION OF THE EFFORTS EXHIBIT 1. CITIZENS BANK MUST PROVIDE IMMEDIATELY IN TOTALITY AND SWEAR TO THE ACCURACY OF THE RECORDS.

2) DECLATORY JUDGEMENT CITIZENS BANK AND JOSEPH CARELLI FAILED TO SCREEN AND ILLEGALLY HIRED A IDENTITY THEFT FELON  VEDANTA DUMAS GRIFFITH A/K/A AURA SPRIESTERBACH AS A WORKOUT OFFICER VICE PRESIDENT , WITH FALSE PRETENSE CHARGES, FAKE COLLEGE DEGREES, BAD CREDIT, MULTIPLE BANKRUPTICES AND PATTERN OF SCAMMING PROPERTY OWNERS.  IN 2016 THE US GOVERNMENT THROUGH OCC CHARGED HER WITH 1829 REMOVAL.  CITIZENS BANK AND JOSEPH CARELLI HAVE REPEATEDLY DENIED AND FAILED TO DISCLOSE THE ILLEGAL BANK ACTIONS. A FELON CANNOT WORK IN A BANK, SIGN ANY AGREEMENTS OR BE INVOLVED IN ANY CONDUCT. SEE EXHIBIT 2.

## RELIEF

   THE COURT MUST FORCE THE DEFENDANT TO PROVIDE THE PLAINTIFFS RECORDS IN TOTALITY AND TRANSPARENTLY  AND SWEAR TO THE ACCURACY. IF THEY CLAIM DESTRUCTION A SEVERE PENALTY FOR EACH CHECK, DEPOSIT TICKET, IRS FORMS ETC SHOULD BE ASSESSED AND MONETARY TREBLE DAMAGES TO THE PLAINTIFF FOR ALL LEGAL FEES INCURRED, LOSS WAGES TRYING TO ACQUIRE THE RECORDS.  THE PLAINTIFF ALSO REQUESTS THE COURT VOID ANY AND ALL BANK AGREEMENTS SIGNED BY VEDANTA DUMAS GRIFFITH OR ANY AGREEMENTS SHE HAD INVOLVEMENT WITH. IN ADDITION EACH AND EVERY BANK CUSTOMER MUST BE NOTIFIED BY THE BANK OF THIS INFRACTION AND PROOF PROVIDED TO THE COURT. THE PLAINTIFF ASKS THE COURT FOR TREBLE DAMAGES FOR THE LOSSES INCURRED DEALING WITH THE FELON BANKER AND SUBSEQUENT AGENTS AND ASSIGNEES RELATED TO THE FELONS ACTIONS.

_____                                              SIGNATURE
_____

  DATE                                                             NAME
_____

SIGNATURE_____

ADDRESS_____